**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

NORMA DUKES     CIVIL ACTION

VERSUS     18-697-SDD-RLB

ARC OF EAST ASCENSION

## RULING

This matter is before the Court on the *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*[1] filed by the Defendant, Arc of East Ascension ("the Arc"). Plaintiff Norma Dukes ("Dukes") has filed an *Opposition*.[2] For the following reasons, the Court finds that the *Motion to Dismiss* shall be GRANTED.

### I. FACTUAL BACKGROUND

Norma Dukes is a 65-year-old African-American woman who served as the Executive Director of the nonprofit organization the Arc of East Ascension for eleven years, until November 6, 2017, when, she alleges, she was asked to resign.[3] Dukes claims that the events leading up to her resignation began when Allison Hudson ("Hudson"), the President of the Board of Directors of the Arc, "alleged that [the Arc] was receiving multiple complaints about several employees, including Ms. Dukes."[4] Hudson

---

[1] Rec. Doc. No. 13.
[2] Rec. Doc. No. 15.
[3] Rec. Doc. No. 1, ¶ 5, ¶ 6, ¶ 7. Dukes filed a *Motion to Substitute* her *Complaint* at Rec. Doc. 9 to correct an issue with the paper size of the original filing. Because the new version of the *Complaint* is otherwise identical to the original at Rec. Doc. No. 1, the Court will cite to Rec. Doc. No. 1 throughout.
[4] Rec. Doc. No. 1, ¶ 9.
52574

allegedly "refused to release any of the complaints,"[5] despite Dukes' request to receive copies.

One incident in particular makes up the bulk of Dukes' *Complaint*. Dukes alleges that Hudson accused two other employees of the Arc, Lisa Smith ("Smith") and Esther Dorsey ("Dorsey"), of "improperly receiving furniture from Big Ben Furniture that was purchased by [the Arc] for a client."[6] Dukes alleges that both Smith and Dorsey were also "over the age of 40."[7] Dukes claims that Hudson conducted an investigation of the alleged theft, first accompanying Ascension Parish detectives to Big Ben Furniture Store, then to the home of the client for whom the furniture was purchased.[8] Dukes contends that the furniture was found in the client's home, which "proved . . . that Smith and Dorsey did not steal furniture."[9] Despite the apparent lack of evidence of wrongdoing by Smith and Dorsey, Hudson allegedly "suggested that Ms. Dukes should terminate"[10] them. Dukes protested, arguing that there was "no valid reason for Smith or Dorsey to be terminated."[11] On or about November 6, 2017, Hudson asked Dukes to resign from her position as Executive Director.[12]

Based on the above events, Dukes brings a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 *et seq.*, and a parallel state law claim under the Louisiana Age Discrimination and Employment Act ("LADEA"), Louisiana Revised Statute 23:312. Specifically, in Counts I and II of her *Complaint*, Dukes alleges that the

---

[5] Rec. Doc. No. 1, ¶ 9.
[6] Rec. Doc. No. 1, ¶ 10.
[7] Rec. Doc. No. 1, ¶ 10.
[8] Rec. Doc. No. 1, ¶ 11, ¶ 12.
[9] Rec. Doc. No. 1, ¶ 13.
[10] Rec. Doc. No. 1, ¶ 14.
[11] Rec. Doc. No. 1, ¶ 14.
[12] Rec. Doc. No. 1, ¶ 15.
52574

Arc subjected her "to age discrimination by permitting unlawful termination practices in violation of"[13] the ADEA (as to Count I) and the LADEA (as to Count II). Additionally, Count III of Dukes' *Complaint* alleges that the Arc violated the anti-retaliation provisions of Title VII, specifically 42 U.S.C. § 2000e-3, "by using Plaintiff's failure to terminate elderly employees as the sole basis of Plaintiff's termination."[14]

In its *Motion to Dismiss*, the Arc argues that Dukes' claims should be dismissed for two reasons. First, because Dukes "does not allege that she was terminated because she was over forty or that she was otherwise targeted because of her age,"[15] the Arc argues that she fails to state a claim under the ADEA and the LADEA. Second, the Arc contends, Dukes' retaliation claims are merely conclusory statements without factual support for the elements of the relevant statute. For her part, Dukes argues that her claims are pled with sufficient specificity to survive the *Motion to Dismiss*, and that, in the alternative, she is entitled to an opportunity to amend her *Complaint* to address any deficiencies. The Court will address the parties' arguments in turn.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16] The Court may consider "the complaint, its proper attachments, documents incorporated into the

---

[13] Rec. Doc. No. 1, ¶ 25, 28.
[14] Rec. Doc. No. 1, ¶ 31. Dukes' *Complaint* also contains a stray reference to 42 U.S.C. § 1981 (See Rec. Doc. No. 1, p. 1), which prohibits racial discrimination. Because that statute is not mentioned again in the Complaint and no facts are pled in support of a claim for racial discrimination, the Court will assume it was included in error.
[15] Rec. Doc. No. 13-1, p. 5.
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
52574

complaint by reference, and matters of which a court may take judicial notice."[17] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[22] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

---

[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[21] *Twombly*, 550 U.S. at 570.
[22] *Iqbal*, 556 U.S. at 678.
[23] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[24] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
52574

### B. Age Discrimination in Employment Act

The Age Discrimination in Employment Act ("ADEA") makes it "unlawful for an employer to fail or refuse to hire ... any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[25] The United States Court of Appeals for the Fifth Circuit has held that when making a claim of age discrimination, "the plaintiff has the burden of persuasion to show 'that age was the 'but-for' cause of [his] employer's adverse action.'"[26] To make out a *prima facie* case of discriminatory treatment, the plaintiff must show that: "(1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of discharge; and (4) [s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of h[er] age."[27] Once the plaintiff makes out a *prima facie* case, "the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision."[28] If the employer satisfies this obligation, the plaintiff is "afforded an opportunity to rebut the employer's purported explanation, to show that the reason given is merely pretextual."[29]

Based on a review of the *Complaint*, the Court agrees with the Arc that Dukes has failed to allege that her age was the "but-for cause" of her termination. In fact, Dukes pleads that it was her "refusal to terminate Smith and Dorsey"[30] that caused Hudson to

---

[25] 29 U.S.C. § 623(a)(1).
[26] *Salazar v. Cargill Meat Sols. Corp.*, 628 F. App'x 241, 244 (5th Cir. 2015) (citing *Jackson v. Cal–W. Packaging Corp.*, 602 F.3d 374, 377 (5th Cir.2010) (quoting *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 177, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)).
[27] *Jackson*, 602 F.3d at 378 (internal quotation marks omitted).
[28] *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).
[29] *Moss v. BMC Software, Inc.*, 610 F.3d at 922 (5th Cir. 2010).
[30] Rec. Doc. No. 1, p. 4.
52574

ask for her resignation. Although Dukes does complain that the Arc's management was "strongly encouraging [her] to act unethically toward other elderly employees,"[31] that allegation does not move the needle on Dukes' burden to show that she was terminated because of her age. It merely insinuates, without factual support, that Hudson and the Arc had discriminatory motives. It is insufficient for the plaintiff to plead her age and make a conclusory assertion that her termination was the result of "unlawful discrimination against her based on her age."[32] This conclusory pleading style is especially ineffective where, on the face of the *Complaint*, Dukes raises other potentially plausible reasons for her termination (*e.g.*, the Arc having received "multiple complaints about several employees, including [Dukes]"[33]).

As the Arc correctly notes, Louisiana federal courts have granted motions to dismiss where the plaintiff made only conclusory allegations that her termination was because of her age. For example, in *Washington v. East Baton Rouge Parish Sch. Sys.*,[34] this Court dismissed the plaintiff's ADEA claim because he alleged only that his employer "committed age discrimination" and that he was over the age of 40. Likewise here, setting aside the largely irrelevant allegations surrounding the alleged theft by Smith and Dorsey, the core of Dukes' argument is that she was 65 years old and was asked for her resignation. Because Dukes does not plead facts to support her claim that her age was the but-for cause of her termination, her ADEA claim is dismissed without prejudice.

---

[31] *Id.*
[32] Rec. Doc. No. 1, p. 1.
[33] Rec. Doc. No. 1, p. 3.
[34] No. CIV.A. 10-503-BAJ, 2011 WL 4914968, at *5 (M.D. La. Oct. 14, 2011).
52574

### C. Louisiana Age Discrimination in Employment Act

The LADEA makes it unlawful to "fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of the individual's age."[35] The Louisiana Supreme Court has noted that "[b]ecause Louisiana's prohibition against age discrimination is identical to the federal statute prohibiting age discrimination, Louisiana courts have traditionally looked to federal case law for guidance."[36] Therefore, Dukes' LADEA claim is dismissed without prejudice for the same reasons outlined above with respect to her ADEA claim.

### D. Retaliation under Title VII, 42 U.S.C. § 2000e-3

42 U.S.C. § 2000e-3 provides that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." To establish a *prima facie* case of retaliation, the plaintiff must show (1) that she engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action.[37]

---

[35] La. R.S. 23:312.
[36] *LaBove v. Raftery*, 2000-1394 (La. 11/28/01), 802 So. 2d 566, 573 (also citing *King v. Phelps Dunbar, L.L.P.*, 98–1805 (La.6/4/99), 743 So.2d 181, 187; see also *Barbe v. A.A. Harmon & Co.,* 94–2423 (La.App. 4 Cir. 1/7/98), 705 So.2d 1210, *writ denied*, 98–0526 (La.5/15/98), 719 So.2d 462).
[37] *Drake v. Nicholson*, 324 F. App'x 328, 331 (5th Cir. 2009).
52574

The essence of Dukes' retaliation claim is that the Arc "us[ed] Plaintiff's failure to terminate elderly employees as the sole basis of Plaintiff's termination."[38] This conclusory allegation is offered without factual support. Moreover, Dukes does not allege that she engaged in a protected activity or that any such activity was the cause of her termination. Even assuming *arguendo* that Dukes' refusal to fire Smith and Dorsey was a protected activity (which Dukes does not allege), as discussed above, Dukes has failed to plead sufficient facts to support the notion that she was terminated because of her refusal to fire Smith and Dorsey. She offers only the conclusory and vague statement that the Arc engaged in "unlawful conduct by strongly encouraging Ms. Dukes to act unethically towards other elderly employees."[39] Even accepting as true the allegation that Hudson "suggested"[40] that Dukes fire Smith and Dorsey and she refused, the mere fact that Hudson subsequently asked Dukes to resign is insufficient to state a claim that Dukes' termination was causally linked so as to be retaliatory under the doctrine. Because Dukes has failed to plead sufficient facts to support a claim for retaliation under Title VII, her retaliation claim is dismissed without prejudice.

---

[38] Rec. Doc. No. 1, ¶ 31.
[39] Rec. Doc. No. 1, p. 4.
[40] Rec. Doc. No. 1, p. 4.

52574

### III. CONCLUSION

For the reasons stated above, Defendant's *Motion to Dismiss*[41] is hereby granted. Plaintiff's claims are dismissed without prejudice; the Court grants Plaintiff leave to amend her *Complaint* in accordance with this Court's *Ruling* within 21 days from the date of this *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 18, 2019</u>.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[41] Rec. Doc. No. 13.

52574